UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HACKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>SGT. CRAMER, et al.,<br><br>        Defendants. | 1:01-cv-06110 OWW LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(B) (DOCS. 44 & 97) |

## I. INTRODUCTION

Plaintiff Brian Hackett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*. On March 4, 2004, the district court adopted in full the findings and recommendations of the magistrate judge, dismissing certain claims and defendants from the case for failure to state a claim. (Doc. 39, "First Dist. Ct. Order") On May 6, 2005, the district court adopted the magistrate judge's findings in full, dismissing the remaining claims and defendants for failure to exhaust administrative remedies. (Doc. 94, "Second Dist. Ct. Order") Plaintiff moves for reconsideration of both orders. (Doc. 44, "Pl.'s First Mem."; Doc. 97, "Pl.'s Second Mem.")

1

## II. **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, a state prisoner, brings this civil rights action against several California state prison officials under 42 U.S.C. § 1983. Plaintiff filed his original complaint (Doc. 1) on August 27, 2001 and a supplemental complaint (Doc. 5) on October 10, 2001. The magistrate judge reviewed Plaintiff's complaints sua sponte pursuant to 29 U.S.C. § 1915A, and dismissed them with leave to amend on July 19, 2002 for failure to state a claim. (Doc. 13) Plaintiff filed a First Amended Complaint on August 22, 2002. (Doc. 14) On February 24, 2003, Plaintiff terminated his First Amended Complaint and filed a Second Amended Complaint. (Doc. 25) Plaintiff's Second Amended Complaint was reviewed under § 1915A and dismissed in part by the magistrate judge on April 17, 2003. Plaintiff was ordered to file a Third Amended Complaint or to notify the Court that he wishes to proceed on the Second Amended Complaint on the remaining claims. (Doc. 28) Plaintiff filed a Third Amended Complaint on September 23, 2003. (Doc. 34)

The magistrate judge reviewed Plaintiff's Third Amended Complaint pursuant to § 1915A, and on February 9, 2004, issued a findings and recommendations recommending dismissal of certain claims and defendants for failure to state a claim. (Doc. 36) Defendants Lewis, Jackson, Smith, Cramer, Ms. May, Lee, Gonzales, Mr. May, Diez, and Perez were dismissed from the action for failure to state any claims against them. Specifically, the following claims were dismissed: (1) Fourteenth Amendment Due Process claim (deprivation of liberty interest); (2) First

2

Amendment retaliation; (3) Eighth Amendment claim based on conditions of confinement; (4) Sixth Amendment confrontation clause claim; (5) Fourteenth Amendment Due Process claim (deprivation of property); (6) Fourteenth Amendment Equal Protection claim; and (7) conspiracy claim.  Plaintiff filed objections to the magistrate's findings.  (Doc. 37)  On March 4, 2004, the magistrate judge's findings and recommendations were adopted in full by the district court after *de novo* review.  (Doc. 39, First Dist. Ct. Order)  Two Eighth Amendment claims and the defendants associated with those claims remained.  The action proceeded on Plaintiff's Third Amended Complaint for these two claims:  (1) excessive physical force against Defendants Nash, Motta, Lopez, Wagner, Herrera, Jasso, and Vieria; and (2) acting with deliberate indifference to Plaintiff's serious medical needs against Defendants Klarich and Nuebarth.  (*Id*. at 2)  Plaintiff now seeks reconsideration of the district court's order adopting the magistrate judge's findings and recommendations to dismiss all but the Eighth Amendment claims against certain defendants.  (Doc. 44, Pl.'s First Mem., filed March 26, 2004)

On July 7, 2004, the remaining Defendants moved to dismiss Plaintiff's complaint for failure to exhaust administrative remedies.  (Docs. 70-72)  Plaintiff opposed.  (Doc. 78)  The magistrate judge recommended that the remaining Defendants' motion be granted on December 22, 2004.  (Doc. 81)  Plaintiff filed objections to the magistrate judge's findings on April 22, 2005.  (Doc. 91)  After *de novo* review of the law and facts, the district court adopted the magistrate judge's findings and recommendations in full on May 6, 2005.  (Doc. 94)  Plaintiff now

3

moves for reconsideration of this order as well.  (Doc. 97, Pl.'s Second Mem., filed June 16, 2005)

This memorandum decision relates to Plaintiff's two pending motions for reconsideration (Docs. 44, 97).

### III.     **LEGAL STANDARD**

Fed. R. Civ. P. 60(b) permits reconsideration of a judgment or order of the district court on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that supports grounds for a new trial under Rule 59; (3) fraud of an adverse party; (4) judgment is void; (5) judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.), cert. denied, 512 U.S. 1236 (1994); *see also* Local Rule 78-230(k), Local Rules for the Eastern District of California.

"A motion for reconsideration is not a vehicle to reargue a motion or to present evidence which should have been raised before." *Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3rd Cir. 1994).  "A party seeking reconsideration must show more than a disagreement with the Court's decision....  [R]ecapitulation of the cases and

**4**

arguments considered by the Court before rendering its original decision fails to carry the moving party's burden." *Id*. (internal quotations and citations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Fed. R. Civ. P. 60(b)(6) permits reconsideration of a judgment or order for "any other reason justifying relief from the operation of the judgment." This provision "is residual and must be read as being exclusive of the preceding clauses." *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986) (internal quotations and citations omitted). Rule 60(b)(6) "is reserved for 'extraordinary circumstances.'" *Id*.

Motions to reconsider under Rule 60(b) are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

## V. ANALYSIS

Plaintiff's submissions are lengthy and difficult to follow. His Third Amended Complaint, approximately three inches thick, is forty-six pages long, plus attachments. Plaintiff's first motion for reconsideration (Doc. 44, Pl.'s First Mem.) is nineteen handwritten pages long and has attachments that total about one

5

inch.  Plaintiff's second motion for reconsideration (Doc. 97, "Pl.'s Second Mot.") is nine handwritten pages long and is about a quarter of an inch thick, with attachments.  Based on a review of these documents and other parts of the record, it does not appear that Plaintiff argues for reconsideration based on an intervening change of law.  Instead, Plaintiff appears to argue for reconsideration on the two separate grounds of clear error and new evidence.

### A. Reconsideration of Order Dismissing Certain Claims and Defendants for Failure to State a Claim (Doc. 39).

Plaintiff's Third Amended Complaint was reviewed by the magistrate judge pursuant to § 1915A.  The magistrate judge recommended dismissal of various claims and defendants and allowed Plaintiff's 42 U.S.C. § 1983 cause of action to proceed on two Eighth Amendment claims against various other defendants.  The district court adopted in full the magistrate's findings and recommendations.  Plaintiff seeks reconsideration of the district court's order dismissing some of his claims for failure to state a claim based on clear error.  "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. [citation]  If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived."  *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 ("A motion for reconsideration is not a vehicle to reargue the motion....") (internal quotations omitted).

A total of seven claims were dismissed.  Plaintiff appears to argue that it was clear error to dismiss three of these claims:  (1) Fourteenth Amendment Due Process claim based on the July 2, 2000 incident; (2) Eighth Amendment conditions of confinement claim; and (3) First Amendment retaliation claim. Plaintiff also appears to argue that the court erred in not considering his claim for municipal liability against the warden based theories of failure to supervise and ratification.

### 1. Fourteenth Amendment Due Process (Liberty Interest).

On July 2, 2000, Plaintiff was issued a Rules Violation Report for displaying his genitals during a visit with his fiancee.  As punishment, Plaintiff's visitation privileges were suspended for ninety days and he was given six classification points.  Plaintiff claims his due process rights were violated with respect to this incident.  Plaintiff's claim based on this incident was dismissed with prejudice for failure to state a claim.  Plaintiff's claim was dismissed on the basis that he alleged no facts to support the existence of a liberty interest, which is required to state a due process claim. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989) (two-step analysis for due process claims is to inquire (1) whether a protectable liberty interest exists; and (2) whether the procedure employed was constitutional).  The magistrate judge found, and the district court agreed, that Plaintiff's suspension of visitation privileges and increased classification score, even if true, are not, as a matter of law, liberty interests because

**7**

they do not impose "atypical and significant hardships." *Sandin v. O'Connor*, 515 U.S. 472, 483-4 (1995).

Plaintiff does not appear to dispute this finding that visitation privileges and increased classification score are not protectable liberty interests.  Instead, Plaintiff appears to argue that he was deprived of his due process rights in the course of the prison disciplinary hearing by Defendants' refusal to consider or provide him with the surveillance camera videotape of the July 2, 2000 incident that was the subject of the hearing.[1]  (Doc. 44, Pl.'s First Mem. at 5; *see also* Doc. 34, Third Am. Compl. at 7, 20, 22, 23)[2]

Plaintiff's allegation that the prison officials did not consider the video during the hearing and did not provide Plaintiff with the video was addressed in the April 17, 2003 Order dismissing his complaint with leave to amend.  (Doc. 28, Order at 5)  That order informed Plaintiff that he "does not have a constitutionally protected right to demand that a certain piece of evidence be produced at his disciplinary hearing." *Id*.  There is no clear error in this finding.  As discussed above, Plaintiff cannot base his due process claim on a deprivation of a liberty

---

[1] It is not clear from Plaintiff's submissions whether he also claims that prison officials failed to view the videotape at the other disciplinary hearings that were the subject of his complaint.  To the extent Plaintiff is making such claims, this analysis applies to those claims as well.

[2] Plaintiff's complaint is forty-six pages long.  However, as noted in Document 36, the pages are not numbered consecutively from one to forty-six.  When a page number is referenced, it is not the number assigned by Plaintiff but instead what the number should be.

8

interest because he has identified no such protectable interest. While it is possible to sustain a due process claim even in the absence of a liberty interest, this is only the case if the prisoner alleges an adverse finding based on *no* evidence at a disciplinary hearing. *See Edwards v. Balisok*, 520 U.S. 641, 645-6 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 n. 3 (9th Cir. 2002); *Burnsworth v. Gunderson*, 197 F.3d 771, 775 (9th Cir. 1999). If the finding was based on some evidence, no due process claim can be sustained. *See id*. Plaintiff only asserts he was not provided with the video; he does not assert there was no evidence against him and does not deny there was some evidence against him at the hearing.[3] Plaintiff's request for reconsideration on this basis is **DENIED**.

### 2. Eighth Amendment Conditions of Confinement.

Next, Plaintiff appears to argue that it was clear error to dismiss his claim for violation of the Eighth Amendment's cruel and unusual punishment clause based on conditions of confinement. Plaintiff's Eighth Amendment claim is based on his allegation that the punishment imposed after his disciplinary hearings (including loss of visitation privileges, his increased

---

[3] A review of the attachments to the Third Amended Complaint reveal that there was testimony by the guards that Plaintiff did expose his genitals in violation of the applicable rules and regulations. (Doc. 34, Third Am. Compl. Ex. B at 25-38) Furthermore, another document indicates no video of the July 2, 2000 incident even existed. (*Id*. at 30) While the content of these documents is hearsay and cannot be considered for the truth of the matter asserted, they do establish that there was some evidence supporting the prison's adverse finding against Plaintiff in the hearing relating to the July 2, 2000 incident.

classification score, and his loss of time credits) constituted cruel and unusual punishment.  Plaintiff's claim was dismissed for failure to state a claim because Plaintiff failed to allege facts that support that the prison officials actions in with "deliberate indifference to a substantial risk of serious harm." "To violate the Eighth Amendment, the deprivation alleged must *objectively* be sufficiently serious; and the prison official must *subjectively* have a culpable state of mind." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff's allegations in Claim I relating to deprivation of visitation privileges and increased classification score do not, as a matter of law, state a claim under the cruel and unusual punishment clause of the Eighth Amendment.  *See id; see also Hearns v. Terhune*, -- F.3d --, 2005 WL 1529730, *5 (9th Cir. June 30, 2005).  There is no clear error in the earlier holding. Plaintiff's request for reconsideration on this basis is **DENIED**.

### 3. Allegations of Mental or Emotional Injury Resulting From Conditions of Confinement and First Amendment Retaliation.

The basis of Plaintiff's Eighth Amendment conditions of confinement claim is discussed in the preceding section. Plaintiff's First Amendment retaliation claim is based on his allegation that prison officials falsified Rules Violation Reports and evidence during Plaintiff's various disciplinary proceedings.  Plaintiff's retaliation claim was dismissed on the basis that Plaintiff failed to allege any facts that he was retaliated against for exercise of his own First Amendment Rights

or that his own First Amendment rights were chilled as a result of the Defendants' actions.  (Doc. 36, Order 5-6)

In his current motion, Plaintiff appears to assert that he does state a claim for violation of his Eighth and First Amendment rights because he complied with the requirements of 42 U.S.C. § 1997e(e).  This section provides that prisoners who bring suits under § 1983 based on an emotional injury must also allege a physical injury.  *Id*. ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff alleges that he suffered mental and emotional injury as a result of the punishments imposed at the disciplinary proceedings and as a result of the alleged retaliation by prison officials (i.e., the falsification of evidence against him). Specifically, Plaintiff alleges he suffered depression and "mental anguish."  (Doc. 44, Pl.'s First Mem. at 8)  Plaintiff's Eighth and First Amendment claims, however, were not dismissed on the basis that they were barred by § 1997e(e).  These claims were instead dismissed because Plaintiff failed to allege facts that could support a violation of his constitutional rights. Plaintiff's motion for reconsideration on this basis is **DENIED.**

### 4. **Municipal Liability.**

In is motion for reconsideration, Plaintiff appears to raise the issue of his claim against Warden Gail Lewis based on supervisory liability.  Plaintiff alleges in the Third Amended Complaint that he wrote letters to Warden Lewis informing her of

**11**

the prison staff's alleged falsification of evidence and their failure to produce the videotape.  (Doc. 34, Third Am. Compl. 26, 33)  Plaintiff attaches one letter to Warden Lewis, which in turn attaches a complaint describing, among other things, the July 2, 2000 incident, the purported existence of the videotape, and the subsequent disciplinary proceedings.  (*Id*. at Ex. B)

Although Plaintiff's official and personal capacity claims against Warden Lewis were not addressed in the order under reconsideration (Doc. 36), they were addressed in the previous order dismissing Plaintiff's claims with leave to amend.  (Doc. 28, Order at 7-8)  The earlier order addressed Plaintiff's claims against supervisory officials, which can be either personal or official capacity claims.  Plaintiff was informed that to allege a prima facie case of supervisory liability, he must allege facts supporting "that the supervisory defendants either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or 'implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'"[4]  (*Id*. (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotations omitted))

There is no clear error in this finding.  First and foremost, Plaintiff has failed to allege sufficient facts to

---

[4] The magistrate judge applied official capacity analysis to Defendants Lewis, Jackson & Smith.  To the extent Plaintiff continues to attempt to allege official capacity claims against Jackson and Smith, this analysis applies to those Defendants as well.

**12**

support a violation of his rights under the constitution or federal law.  Second, there is no clear error in the analysis of § 1983 claims against supervisory officials as set forth in the order.  Plaintiff's motion for reconsideration on this basis is **DENIED**.

### 5.   Other Arguments for Reconsideration.

In his brief, Plaintiff sets forth several other arguments and purported bases for reconsideration, none of which meet the standard under for relief Rule 60(b).

First, Plaintiff moves for reconsideration on the basis that he "he did in fact file a 'late claim' with the Board of Control Government Claim under Claim No. #GS32317" and that he did exhaust his administrative remedies before filing suit.  (Doc. 44, Pl.'s Mem. #1 at 3, 9, Ex. D)  However, the magistrate judge's analysis under § 1915A was not based on failure to comply with the exhaustion of administrative remedies requirement. Document 36 dealt only with the question whether Plaintiff's complaint stated a claim.  The magistrate judge correctly found that Claim I did not state a claim for which relief could be granted.[5]

Second, Plaintiff reasserts his Eighth Amendment excessive force and inadequate medical care claims.  These claims, however, were not dismissed for failure to state a claim.  Plaintiff had

---

[5] The question whether Plaintiff exhausted his administrative remedies was the subject of the subsequent order dismissing plaintiff's remaining claims, which is discussed in section B below.

**13**

no reason to reassert them in his motion for reconsideration for dismissal because they were not dismissed by that order.

Plaintiff's motion for reconsideration on these bases is **DENIED**.

### B. Reconsideration of Order Dismissing Remaining Claims and Defendants for Failure to Exhaust Administrative Remedies (Doc. 81).

After Documents 36 and 39 dismissed Claim I for failure to state any claim for relief, the only remaining claims were (1) excessive force arising out of an alleged incident on August 31, 2001; and (2) inadequate medical care arising out of Defendants Klarich and Neubarth's alleged failure to adequately treat Plaintiff during the course of approximately nine months from September 3, 2001 to about June 2002.

The remaining defendants filed a motion to dismiss these claims on the basis that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e. After considering administrative appeals forms provided by both Plaintiff and Defendants, the magistrate judge found that Plaintiff had failed to exhaust his administrative remedies as to the two remaining claims pursuant to the inmate administrative appeals process as set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The district court conducted a *de novo* review and adopted the magistrate judge's findings in full. Plaintiff now appears to move for reconsideration on the basis of newly discovered evidence. To succeed on a motion for reconsideration based on new evidence under Rule 60(b)(2), the evidence must be "newly discovered...which by due diligence could

**14**

not have been discovered in time to move for a new trial under Rule 59(b)." Evidence is not 'newly discovered' if it was in a party's possession at the time judgment was rendered or could have been discovered at that time. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987); see also *Westlands Water*, 134 F. Supp. 2d at 1131, n. 45. Such new evidence will only be considered if it is of such a material and controlling nature that it demands a probable change in the outcome. *Id*.

Plaintiff attaches to his motion a photocopy of what appears to be his personal daily calendar and several grievance/appeals forms dated August 8, 2004.

### 1.  **Excessive Force**.

One of the bases upon which the magistrate judge grounded his findings was that the 602 administrative appeals form that purportedly related to Plaintiff's excessive force claim was untimely. Plaintiff filed the 602 form on May 23, 2002, approximately nine months after the August 31, 2001 incident. Under Cal. Code Regs., tit. 15, § 3084.6(c) (2004), a prisoner must file the informal grievance within fifteen days of the event to be grieved. The magistrate did not err in finding that the form was untimely.

Plaintiff asserts that he did file a timely 602 form. The only evidence the Plaintiff provides, however, is his daily calendar with a handwritten entry on September 12, 2001 that states "Filed Excessive Force 602 Mailed to Appeals Coordinator." (Doc. 97, Pl.'s Second Mot. at Ex. A)

15

Plaintiff's handwritten personal daily calendar cannot be considered for several reasons. First, it is hearsay lacking in foundation and is not the type of document which the court is entitled to judicially notice. Second, even if it were properly judicially noticeable, a personal calendar entry does not establish the existence of a 602 form; it is better established by the 602 form itself and the institution's record of receipt. Third, Plaintiff provides no reason why he did not raise the existence of the purported September 12, 2001, 602 form earlier. A Rule 60(b) motion will only be granted on the basis of new evidence if, among other things, the Plaintiff shows he could not have earlier discovered the evidence by due diligence. *Coastal Transfer*, 833 F.2d at 212; *see also Westlands Water*, 134 F. Supp. 2d at 1131, n. 45. Plaintiff has offered no such reason.[6]

Plaintiff also attaches to his 60(b) motion a 602 appeals form dated August 8, 2004. This form relates to his excessive force claim. It cannot be considered as new evidence either, however, since it is dated almost three years after the incident giving rise to it. Administrative remedies must be exhausted before filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff's motion for reconsideration on this basis is **DENIED**.

---

[6] If the prison officials were in possession of a September 12, 2001 602 form, it would have been their duty to produce it, as it is Defendants' burden to establish exhaustion. Since the Defendants produced no such 602 form, the court is left to infer it does not exist.

**16**

### 2. Inadequate Medical Care.

Plaintiff also asserts his inadequate medical care claim was dismissed in error. The magistrate judge found that, based on the appeals forms submitted by both Plaintiff and Defendants, Plaintiff failed to exhaust his administrative remedies. The district court conducted a *de novo* review and adopted the magistrate judge's findings in full.

Plaintiff appears to argue the order should be reconsidered on the basis of new evidence. Again, Plaintiff's argument has no merit. The only new evidence Plaintiff attaches is an August 8, 2004 ADA 1824 reasonable request form requesting a wheelchair and other medical relief. This form, like the August 8, 2004, 602 appeals form relating to Plaintiff's excessive force claim, was filed about three years after the incident(s) giving rise to the complaints contained therein. Administrative remedies must be exhausted before filing suit. *McKinney*, 311 F.3d at 1199-1201.

Plaintiff's request for reconsideration of the finding that he failed to exhaust administrative remedies as to his Eighth Amendment claim for inadequate medical care is **DENIED**.

### VI.  CONCLUSION

For all the foregoing reasons, Plaintiff's motions for reconsideration (Docs. 44 & 97) are **DENIED**. No further motions or fillings will be accepted on the issues of the dismissals discussed above.

17

1  SO ORDERED.

2

3
DATED: July _22__, 2005.
4
                                                /s/ OLIVER W. WANGER
5
                                        _____
6
                                            Oliver W. Wanger
7
                                  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28